## INHABITANTS OF PALMER *vs.* INHABITANTS OF DANA.

The town of D., on receiving notice from the town of P. that certain paupers, whose settlement P. alleged to be in D., were supported in P., immediately paid the expense that had been incurred by P. for their support, removed part of the paupers to D., and made provision for the support of the others in P. for the term of about forty days: Within two months from the time of receiving said notice from P., the overseers of the poor of D. replied to that notice, denying that D. was liable to support said paupers, and refusing to pay P. for any further support of them.   *Held,* that the town of P. could not maintain an action against the town of D. for the subsequent support of said paupers, without first giving D. a new notice.

ASSUMPSIT to recover the amount of supplies furnished by the plaintiffs to Mary Hatstat, widow of George Hatstat, and her children, paupers, whose settlement was alleged to be in Dana.

The case was submitted to the court on a statement of the facts on which the paupers' settlement depended, (which need not be here inserted,) and the other facts which follow :

" On the 4th of February 1842, and for some time previous, George Hatstat, and his wife and children, who are named in the writ, were paupers, residing in Palmer, and receiving assistance from the plaintiffs, as paupers.   On the said 4th of February, and for some time previous, the said paupers belonged to the town of Hardwick ; and the expenses incurred for their support in Palmer, on said day, and before that time, have been paid to the plaintiffs by said town of Hardwick.   On the 21st of February 1842, a letter was addressed to the overseers of the poor of Dana, by John Gamwell, chairman of the overseers of the poor of Palmer, and by

*direction* of the board, in the following words : ' Gentlemen. Mary Hatstat, widow of George Hatstat, and her children, Lucretia, Henry, Mary Jane, Harriet, and Peyton Hatstat, whose lawful settlement (by a recent act of the legislature *) is in Dana, are now in this town, in destitute circumstances, and have called upon us for assistance, which we have rendered to them, to the amount of about thirty dollars, which you are requested to pay, and cause the removal of said paupers, as they are now the lawful charge of your town.'

" On the 25th of the same February, the overseers of the poor of Dana went to Palmer, and paid the expenses incurred by Palmer for the support of said paupers, and took two of said paupers with them to Dana, and made a temporary provision for the maintenance and support of the others, in Palmer, with one Merrick, who made suitable provision for them till the 28th of March then next ; which provision was made with said Merrick, with the knowledge of the overseers of Palmer.

" On the 23d of March 1842, the overseers of the poor of Dana addressed a letter to the overseers of the poor of Palmer, in the following words : ' Gentlemen. Your letter of the 21st of February 1842 is before us, stating that Mary Hatstat, widow of George Hatstat, and her children,' (naming them,) 'whose lawful settlement, (you say,) by a late act of the legislature, is in Dana. We deny that said act binds us to support said family, and we shall pay no further charges for them.'

" The plaintiffs gave no notice to the defendants, after that of February 21st 1842, before commencing this action."

*R. A. Chapman & Ashmun,* for the plaintiffs.

*Barton & Bacon,* for the defendants.

HUBBARD, J.   It appears, by the facts agreed, that on the 21st of February 1842, the overseers of Palmer addressed a letter to the overseers of Dana, giving them notice that Mary Hatstat and others were in that town, in destitute circumstances, and had called for assistance, which they had ren-

dered, and requested them to pay the amount and cause ᴜᴀᴇ removal of the paupers. Four days after the receipt of this notice, the overseers of Dana went to Palmer and paid the expenses incurred, removed two of the paupers, and made a temporary provision for the support of the others, in Palmer, till March 28th. On the 23d of March, the overseers of Dana, believing that the settlement of the paupers was not in their town, addressed a letter to the overseers of Palmer, in which they acknowledge the receipt of the letter of February 21st, deny that they are bound to support the family, and state that they shall pay no further charge for them. The present suit was brought without any other notice to the town of Dana, or demand for reimbursement. The question is, whether the plaintiffs can recover without a new notice and demand ; and we are of opinion that they cannot. The same question has been repeatedly before the court, and it has been more than once expressly decided, where a notice has been given by one town to another of their support of a pauper belonging to the town notified, and a request for reimbursement, that if the town satisfies the call, by paying the expense incurred for the support of the pauper, it has done all that the law requires ; and that if the pauper shall afterwards become, or continues to be, chargeable to the town which is not bound to support him, still the town cannot recover without a new notice and demand. See *Inhabitants of Sidney* v. *Inhabitants of Augusta,* 12 Mass. 316; *Hallowell* v. *Harwich,* 14 Mass. 188 ; *Walpole* v. *Hopkinton,* 4 Pick. 358 ; and *Attleborough* v. *Mansfield,* 15 Pick. 19. And the objection rests upon reason as well as upon authority. For as towns are liable for the support of paupers by force of the statute only, in order to make them chargeable, the case presented must be within its provisions ; and, as stated by the court in *Hallowell* v. *Harwich,* they may be ignorant of the state of the pauper, his distress may have been temporary, or he may have gone to another town. To create, then, a further immediate liability, there must be a new notice.

*Plaintiffs nonsuit.*